### America D. Lilly v. F. P. Banks.

1. VERDICT—*when not disturbed.* A verdict fairly sustained by the evidence will not be disturbed on appeal.

Trial of right of property. Appeal from the County Court of Moultrie county; the Hon. E. D. HUTCHINSON, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

BYRAN H. TIVNEN and R. M. PEADRO, for appellant.

W. K. WHITFIELD and JOHN E. JENNINGS, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

America D. Lilly, plaintiff in an execution issued from the Circuit Court of Moultrie county, against A. W. Tolen, E. E. Earp, Lee Goldberg, Oll Hammund, and John A. Monroe, levied such writ upon the undivided one-half of saloon fixtures and stock as the property of said A. W. Tolen. Thereupon F. P. Banks gave notice to the sheriff having charge of the execution that he claimed to own such undivided one-half interest in said goods and property levied upon and demanded trial of the right of property in the County

Court of said Moultrie county. Pursuant to said notice and demand a trial was had in said County Court which resulted in a judgment in favor of the claimant, Banks. Lilly has prosecuted an appeal.

It appears from the evidence that said Tolen and Banks were partners in a saloon business in the city of Sullivan, owning the fixtures, stock, pool tables, etc., in equal shares; that an execution had been levied by the said appellant upon the undivided one-half thereof as the property of said Tolen and sold, and that later on, another levy, the one now in question, was made upon the other undivided one-half, also as the property of said Tolen, whereupon Banks gave notice of his claim in such undivided one-half last levied upon and the trial took place with the result stated above.

That appellee was the absolute owner, in fact, of the undivided one-half of the property now in question there is no doubt. Appellant, however, claims that as against the execution now involved appellee cannot be regarded in law as the owner of the undivided one-half of said property because of the following reasons: That Banks was a silent partner; that the government license under which the firm of Tolen & Co. (Tolen and Banks) did business at Sullivan was issued to Tolen alone and the names of all persons constituting the firm were not registered with the Internal Revenue Collector; and that the license issued by the city of Sullivan to keep a dramshop was issued to Tolen alone.

The evidence does not sustain the contention that Banks was a silent partner. There was no effort whatever shown upon the part of either partner to conceal the partnership interest of appellee; there was a sign upon the place of business which read A. W. Tolen & Company; goods were bought and shipped to the firm in the name of Tolen & Company; when the first purchase was made of the fixtures, tables and stock both partners openly entered into the negotiation;

Tolen and Banks each worked continuously in and about the business of the firm; the firm first applied to the city for a license as Tolen & Company; and when the former levy was made upon the other undivided one-half of the property Tolen scheduled a half-interest only in the property.

Whether or not the government or city license was properly issued, or issued at all, was a matter that cannot defeat appellee's right of property, as against a third party in no way interested in the collection of the license fee, or a penalty, if any, for failure to comply with the laws regulating the business of appellee.

Judgment affirmed.

*Affirmed.*